**Form B1**

## UNITED STATES BANKRUPTCY COURT
## NORTHEN DISTRICT OF OHIO

**Voluntary Petition**

05-93075

| | |
|---|---|
| **Name of Debtor (If individual, enter Last, First, Middle):**<br><br>Ficklin, Crystal | **Name of Joint Debtor (Spouse)(Last, First, Middle):**<br><br>None. |
| **All Other Names used by the Debtor in the last 6 years (include married, maiden, and trade names):**<br><br>None. | **All Other Names used by the Joint Debtor in the last 6 years (include married, maiden, and trade names):**<br><br>None. |
| **Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all):**<br><br>9382 / None. | **Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all):**<br><br>None. / None. |
| **Street Address of Debtor (No. & Street, City, State & Zip Code):**<br><br>**7920 Spafford Rd<br>Cleveland, OH 44105** | **Street Address of Joint Debtor (No. & Street, City, State & Zip Code):**<br><br>None. |
| **County of Residence or of the Principal Place of Business: Cuyahoga** | **County of Residence or of the Principal Place of Business:** None. |
| **Mailing Address of Debtor (If different from street address):**<br><br>None | **Mailing Address of Joint Debtor (If different from street address):**<br><br>None. |

**Location of Principal Assets of Business Debtor (If different from address noted above):** ,

JUDGE BAXTER

RELIEF ORDERED

---

**INFORMATION REGARDING DEBTOR (Check the Applicable Boxes)**

**Venue (Check any applicable box)**

☑ Debtor has been domiciled or has had a residence, principal place of business or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor (Check all boxes that apply)**<br>☑ **Individual(s)** | **Chapter or Section of Bankruptcy Code Under Which the Petition is Filed (Check one box)**<br>☑ **Chapter 7** |
|---|---|
| **Nature of Debts (Check one box)**<br>☑ **Consumer/Non-Business** | **Filing Fee (Check one box)**<br>☑ Full Filing Fee attached. |
| **Chapter 11 Small Business (Check all boxes that apply)**<br>☐ Debtor is a small business as defined in 11 USC Sec. 101.<br>☐ Debtor is and elects to be considered a small business under defined in 11 USC Sec. 1121(e) (Optional) | |

| **Statistical/Administrative Information (Estimates only)**<br><br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| Estimated Number of Creditors ☑ 1 - 15 (1) | |
| Estimated Assets ☑ $100,001 to $500,000 (3) | **FILED**<br>2005 OCT 14 PM 1: 30<br>U.S. BANKRUPTCY COURT<br>NORTHERN DISTRICT OF OHIO<br>CLEVELAND |
| Estimated Debts ☑ $100,001 to $500,000 (3) | |

| **Voluntary Petition** *(This page must be completed and filed in every case)* | **Name of Debtor(s):** Crystal Ficklin | **Form B1, Page 2** |
|---|---|---|

### Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)

| Location Where Filed: None. | Case Number: None. | Date Filed: None. |
|---|---|---|

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor
### (If more than one, attach additional sheet)

| Name of Debtor: None. | Case Number: None. | Date Filed: None. |
|---|---|---|
| District: None. | Relationship: None. | Judge: None. |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct. [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of Title 11, UNITED STATES CODE, understand the relief available under each such chapter, and choose to proceed under Chapter 7.

I request relief in accordance with the chapter of title 11, UNITED STATES CODE, specified in this petition.

X _Crystal Ficklin_

Signature of Debtor, **Crystal Ficklin**

X _____

Signature of Joint Debtor,

**216-533-9383**

Telephone Number (If not represented by attorney)

Date: 10 | 13 | 05

### EXHIBIT A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11.)

☐ Exhibit "A" is attached and made a part of this petition.

### EXHIBIT B

(To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner(s) named in the foregoing petition, declare that I have informed the petitioner(s) that (he, she or they) may proceed under chapter 7, 11, 12 or 13 of Title 11, UNITED STATES CODE, and have explained the relief available under each such chapter.

X _____

Signature of Attorney for Debtor(s)        Date

### EXHIBIT C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit "C" is attached and made a part of this petition.

☒ No.

### Signature of Attorney

X _____

Signature of Attorney for Debtor(s)

Printed Name of Attorney for Debtor(s)

Firm Name
Address
Telephone Number:

Date:

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.
The debtor requests relief in accordance with the chapter of title 11, UNITED STATES CODE, specified in this petition.

X _____

Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date:

### Signature Of Non-Attorney Bankruptcy Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. Sec. 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

Anthony R. Williams

Printed Name of Bankruptcy Petition Preparer

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

Social Security Number (Required by 11 U.S.C. Sec. 110(c).)

14921 Lake Ave., Lakewood, O 44107

Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate official form for each person.

X Anthony R. Williams

Signature of Bankruptcy Petition Preparer

Date: 10-13-05

A bankruptcy petition preparer's failure to comply with the provisions of Title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. Sec. 110 and 18 U.S.C. Sec. 156.

**05-93075**

In re   Crystal Ficklin,

Case No.

Debtor(s).

Chapter 7

# SUMMARY OF SCHEDULES

**Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.**

| NAME OF SCHEDULE | Attached | Num. Pages | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - REAL PROPERTY | YES | 2 | $355,000.00 | | |
| B - PERSONAL PROPERTY | YES | 3 | $2,497.28 | | |
| C - PROPERTY CLAIMED AS EXEMPT | YES | 1 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | YES | 3 | | $416,000.00 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS | YES | 1 | | $0.00 | |
| F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS | YES | 2 | | $47,388.66 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 1 | | | |
| H - CODEBTORS | YES | 1 | | | |
| I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | YES | 1 | | | $2,312.70 |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | YES | 1 | | | $2,997.06 |
| Total Number of Sheets in ALL Schedules | | 16 | | | |
| Total Assets | | | $357,497.28 | | |
| Total Liabilities | | | | $463,388.66 | |

In re    Crystal Ficklin,                          Case No.

                    Debtor(s).                     Chapter 7

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife or both own the property by placing an "H," "W," "J," or "C" in the column labeled "H, W, J or C." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J or C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTIONS | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Permanent Parcel No. 108-30-024 / 370 L 1PRO 0132 All / Two Family Dwelling 777 Linn Drive Cleveland, Ohio 44108 | fee simple | W | $55,000.00 | $80,000.00 |
| Permanent Parcel No. 129-24-135 / 437 Ricehts 0275 All / Single Family Dwelling 2995 E. 125th St Cleveland, Ohio 44112 | fee simple | W | $35,000.00 | $72,000.00 |
| Permanent Parcel No. 671-02-043 / 366 STR1EB #1 0015 / All Two Family Dwelling 1371 E. 133rd St East Cleveland, ohi 44112 | fee simple | W | $55,000.00 | $85,000.00 |
| Permanent Parcel #117-14-006 / 10 ColHts 0119 All / Single Family Dwelling 16616 Endora Ave Cleveland, Ohio 44112 | fees simple | W | $50,000.00 | $76,000.00 |

**SCHEDULE A - REAL PROPERTY  1 - 2**

In re    Crystal Ficklin,                    Case No.

                            Debtor(s).              Chapter 7

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J or C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTIONS | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Permanent Parcel # 139-13-003 / 61 51 SHOV LK 0357 ALL /Single Family Dwelling 3761 E. 147 St. Cleveland, Ohio 44128 | fee simple | W | $55,000.00 | $80,000.00 |
| Permanent Parcel No. 109-04-155 b127 Single Family Dwelling 10406 Kempton Ave. Cleveland, Ohio 44108 | fee simple | W | $50,000.00 | $90,000.00 |
| Permanent Parcel Number 117-11-140  3645 4 Tprop 0012 All / Single Family Dwelling 527 E. 124 St. Cleveland, Ohio  44108 | fee simple | W | $55,000.00 | $80,000.00 |
| | | TOTAL | $355,000.00 | |

**SCHEDULE A - REAL PROPERTY  2 - 2**

In re     Crystal  Ficklin,                                    Case No.

                          Debtor(s).                    Chapter 7

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None."  If additional space is needed in any category, attach a separate sheet property identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "H, W, J or C."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| TYPE OF PROPERTY | None | DESCRIPTION AND LOCATION OF PROPERTY | H W J or C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.   Cash on hand. | | Cash On Hand 7920 Spafford Rd Cleveland, Oh 44105 | W | $13.65 |
| 2.   Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Charter One Checking acct #4822 7920 Spafford Rd Cleveland, Oh 44105 | W | $13.63 |
| 3.   Security deposits with public utilities, telephone companies, landlords and others. | X | | | $ 0.00 |
| 4.   Household goods and furnishings, including audio, video and computer equipment. | | Household Goods 7920 Spafford Rd Cleveland, Oh 44105 | W | $320.00 |
| 5.   Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc and other collections or collectibles. | X | | | $ 0.00 |
| 6.   Wearing apparel. | | Wearing Apparel 7920 Spafford Rd Cleveland, Oh 44105 | W | $150.00 |
| 7.   Furs and jewelry. | X | | | $ 0.00 |
| 8.   Firearms and sports, photographic and other hobby equipment. | X | | | $ 0.00 |
| 9.   Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | X | | | $ 0.00 |
| 10.  Annuities.  Itemize and name each issuer. | X | | | $ 0.00 |
| 11.  Interests in IRA, ERISA, Keogh or other pension or profit-sharing plans.  Itemize. | | 401k c/o Cunningham, 230 West Huron Cleveland, Ohio 44113 | W | $2,000.00 |

**SCHEDULE B - PERSONAL PROPERTY  1 - 3**

| TYPE OF PROPERTY | None | DESCRIPTION AND LOCATION OF PROPERTY | H W J or C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | $ 0.00 |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | $ 0.00 |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | $ 0.00 |
| 15. Accounts receivable. | X | | | $ 0.00 |
| 16. Alimony, maintenance, support and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | $ 0.00 |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | $ 0.00 |
| 18. Equitable or future interests, life estates and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | $ 0.00 |
| 19. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy or trust. | X | | | $ 0.00 |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims or the debtor and rights to setoff claims. Give estimated value of each. | X | | | $ 0.00 |
| 21. Patents, copyrights and other intellectual property. Give particulars. | X | | | $ 0.00 |
| 22. Licenses, franchises and other general intangibles. Give particulars. | X | | | $ 0.00 |
| 23. Automobiles, trucks, trailers and other vehicles. | X | | | $ 0.00 |
| 24. Boats, motors and accessories. | X | | | $ 0.00 |
| 25. Aircraft and accessories. | X | | | $ 0.00 |
| 26. Office equipment, furnishings and supplies. | X | | | $ 0.00 |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | $ 0.00 |
| 28. Inventory. | X | | | $ 0.00 |
| 29. Animals. | X | | | $ 0.00 |

**SCHEDULE B - PERSONAL PROPERTY  2 - 3**

| TYPE OF PROPERTY | None | DESCRIPTION AND LOCATION OF PROPERTY | H W J or C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 30.   Crops - growing or harvested.  Give particulars. | X | | | $ 0.00 |
| 31.   Farming equipment and implements. | X | | | $ 0.00 |
| 32.   Farm supplies, chemicals and feed. | X | | | $ 0.00 |
| 33.   Other personal property of any kind not already listed.  Itemize. | X | | | $ 0.00 |
| | | | Total | $2,497.28 |

**SCHEDULE B - PERSONAL PROPERTY  3 - 3**

In re    Crystal Ficklin,                                    Case No.

                              Debtor(s).                     Chapter 7

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which the debtor is entitled under

□ 11 U.S.C. 522(b)(1) Exemptions provided in 11 U.S.C. 522(d). Note: These exemptions are available only in certain states.

□ 11 U.S.C. 522(b)(2) Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| None. | | | |

SCHEDULE C - PROPERTY CLAIMED AS EXEMPT  1 - 1

In re    Crystal Ficklin,                                    Case No.

                                                Debtor(s).            Chapter 7

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

☐ **Check this box if debtor has no creditors holding secured claims to report on this Schedule D.**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H, W J, or C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Acct. No. 0070816350 AMC Mortgage PO Box 11000 Santa Ana CA 92711 | | W | 2004 mortgage PPN 117-14-006/10 COLHTS 0119 All /Singe Family Dwelling VALUE $50,000.00 | | | | $76,000.00 | $26,000.00 |
| Acct. No. 0019409184 Chase Bank P. O. Box 509011 -Dept 310 San Diego CA 92150 | | W | 2004 mortgage single family - PPN129-24-135/437 RICEHTS 0275 ALL VALUE $72,000.00 | | | | $35,000.00 | $0.00 |
| | | | Subtotal this page | | | | **$111,000.00** | |

**SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS  1 - 3**

In re   Crystal Ficklin,                          Case No.

                        Debtor(s).                Chapter 7

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H, W J, or C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Acct. No. 001939492233<br><br>Chase Bank<br>P. P. Box 50911 - Dept 312<br>San Diego CA 92150 | | W | 2004<br>mortgage<br>PPN# 139-13-003 / 61<br>51 SHOVLK 0357 ALL /<br>Single Family Dwelling<br><br>VALUE  $80,000.00 | | | | $55,000.00 | $0.00 |
| Acct. No. 0017567843 /<br>0017567827<br><br>Chase Bank<br>P. O. Box 509011-Dept 310<br>San Diego, CA 92510 | | W | 2004<br>mortgage<br>PPN 108-30-024 / 370 L<br>1PRO 0132 ALL /Single<br>Familty Dwelling<br><br>VALUE  $0.00 | | | | $0.00 | $0.00 |
| Acct. No. 0008140352<br><br>EMC Mortgage<br>P. O. Box 141358<br>Irving Texas 75014-1358 | | W | 2004<br>mortgage<br>/ Two Family Dwelling<br><br>VALUE  $55,000.00 | | | | $55,000.00 | $0.00 |
| Acct. No. 9382<br><br>GMAC<br>P. O. Box 210760<br>Alburn Hills MI 48321 | | W | 2005<br>Lease<br>2005 CTS Cadillac<br><br>VALUE  $25,000.00 | | | | $25,000.00 | $0.00 |
| | | | Subtotal this page | | | | **$135,000.00** | |

**SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS  2 - 3**

In re    Crystal Ficklin,                          Case No.

                    Debtor(s).              Chapter 7

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H, W, J, or C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Acct. No. 322741109<br><br>HomeEq Mortgage Services<br>P. O. Box 70830<br>Charlotte NC 28272-0830 | | W | 2004<br>mortgage<br>PPN 111-11-140 / 3645<br>TPROP 0012 ALL /<br>Single Family Dwelling<br><br>VALUE  $55,000.00 | | | | $80,000.00 | $25,000.00 |
| Acct. No. 0665462339<br><br>Washington Mutual<br>P. O. Box 830105<br>Baltimore MD 21283-0101 | | W | 2004<br>mortgage<br>single family - 10406<br>Kempton Ave<br><br>VALUE  $50,000.00 | | | | $90,000.00 | $40,000.00 |

                              Subtotal this page           **$170,000.00**

                                        TOTAL              **$416,000.00**

**SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS  3 - 3**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, *if* any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Extensions of credit in an involuntary case**
   Claims arising in the ordinary course of a debtor's business or financial affairs after the commencement of the case but before  the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. Sec. 507(a)(2).

☐ **Wages, salaries and commissions**
   Wages, salaries, and commissions, including vacation, severance, and sick pay owing to employees, up to a maximum of $4925* per employee, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. Sec. 507(a)(3).

☐ **Contributions to employee benefit plans**
   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. Sec. 507(a)(4).

☐ **Certain farmers and fishermen**
   Claims of certain farmers and fishermen, up to a maximum of $4925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. Sec. 507(a)(5).

☐ **Deposits by individuals**
   Claims of individuals up to a maximum of $2225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. Sec. 507(a)(6).

☐ **Alimony, maintenance, and support**
   Debts to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child.  11 U.S.C. Sec. 507(a)(7).

☐ **Taxes and other certain debts owed to governmental units**
   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. Sec. 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. Sec. 507(a)(9).

* Amounts are subject to adjustment on April 1, 2004, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

In re    Crystal  Ficklin,                          Case No.

                          Debtor(s).                Chapter 7

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community maybe liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ **Check this box if debtor has no creditors holding unsecured non-priority claims to report on this Schedule F.**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J o r C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Acct. No. 4104140008464738<br><br>Chase Bank<br>P. O. Box 100044<br>Kennesaw CA 30156-9244 | | W | 2000<br><br>credit card | | | | $2,900.00 |
| Acct. No. 4317957040029812<br><br>Citi-Visa<br>PO Box 6004<br>Sioux Falls SD 57117-6004 | | W | 2000<br><br>credit card | | | | $4,194.42 |
| Acct. No. 1 5000 1006 4965<br><br>Dominion East Ohio<br>P. O. Box 26785<br>Richmond VA 23261 | | W | 2005<br><br>gas bill | | | | $ 954.00 |
| | | | Subtotal this page | | | | **$8,048.42** |

**SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS  1 - 2**

In re    Crystal  Ficklin,                                    Case No.

                    Debtor(s).                    Chapter 7

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J o r c | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Acct. No. 656801 17 131772 <br><br> HSBC <br> 961 Weigel Drive <br> Elmhurst, IL 60126 | | W | 2005 <br><br> loan | | | | $10,500.00 |
| Acct. No. 3053298481 <br><br> Kay Jewelers <br> PO Box 74025 <br> Cincinnati, Ohio 45274 | | W | 2005 <br><br> credit card | | | | $3,442.24 |
| Acct. No. 9382 <br><br> Mazda American Credit c/o Rosemary Talf Milby <br> 323 Lakeside Ave., West <br> Cleveland, Ohio 44113 | | W | 2004 <br><br> loan | | | | $25,398.00 |

|  | Subtotal this page | $39,340.24 |
|---|---|---|
|  | **TOTAL** | **$47,388.66** |

**SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS  2 - 2**

In re    Crystal Ficklin,                          Case No.

                          Debtor(s).              Chapter 7

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.

State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.

Provide the names and complete mailing addresses of all other parties to each lease or contract described.

NOTE:  A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

☐ **Check this box if debtor has no executory contracts or unexpired leases.**

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| GMAC<br>P. O. Box 210760<br>Alburn Hills MI 48321 | 2005 CTS Cadillac<br>This is not a nonresidential real property lease. |

**SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES  1 - 1**

In re    Crystal  Ficklin,                          Case No.

                        Debtor(s).                  Chapter 7

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  In community property states, a married debtor not filing a joint case, should report the name and address of the nondebtor spouse on this schedule.  Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☑ **Check this box if debtor has no codebtors.**

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|------------------------------|------------------------------|
| None. | |

In re    Crystal Ficklin,                              Case No.

                    Debtor(s).                          Chapter 7

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: Unmarried | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP: DeVante Ficklin - S | AGE: 13 |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Manager | None. |
| Name of Employer | Cunningham | None. |
| How long employed | 3 years | None. |
| Address of Employer | 230 West Huron , Cleveland Ohi 44113 | None. |

| Income: (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary and commissions (pro rata if not paid monthly) | $3,083.60 | $  0.00 |
| Estimated monthly overtime | $  0.00 | $  0.00 |
| SUBTOTAL | $3,083.60 | $  0.00 |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 770.90 | $  0.00 |
| b. Insurance | $  0.00 | $  0.00 |
| c. Union dues | $  0.00 | $  0.00 |
| d. Other (specify):   None. None. | $  0.00 | $  0.00 |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ 770.90 | $  0.00 |
| TOTAL NET MONTHLY TAKE-HOME PAY | $2,312.70 | $  0.00 |
| Regular income from operation of business or profession or farm (attach detailed statement) | $  0.00 | $  0.00 |
| Income from real property | $  0.00 | $  0.00 |
| Interest and dividends | $  0.00 | $  0.00 |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $  0.00 | $  0.00 |
| Social security or other government assistance (specify):  None. | $  0.00 | $  0.00 |
| Pension or retirement income | $  0.00 | $  0.00 |
| Other monthly income (specify): Debtor:  None. Spouse:  None. | $  0.00 | $  0.00 |
| TOTAL MONTHLY INCOME | $2,312.70 | $  0.00 |

TOTAL COMBINED MONTHLY INCOME    $2,312.70    **(Report also on Summary of Schedules)**

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document: None.

In re    Crystal Ficklin,

Debtor(s).

Case No.

Chapter 7

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Prorate any payments made bi-weekly, quarterly, semi-annually or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| **Rent or home mortgage payment (include lot rented for mobile home)** | $ 539.00 |
| Are real estate taxes included? No. | |
| Is property insurance included? No. | |
| **Utilities: Electricity and heating fuel** | $ 360.00 |
| **Water and sewer** | $  13.00 |
| **Telephone** | $  89.00 |
| **Other (specify): cell phon** | $ 113.00 |
| **Home maintenance (repairs and upkeep)** | $   0.00 |
| **Food** | $ 350.00 |
| **Clothing** | $ 100.00 |
| **Laundry and dry cleaning** | $   0.00 |
| **Medical and dental expenses** | $   0.00 |
| **Transportation (not including car payments)** | $ 200.00 |
| **Recreation, clubs and entertainment, newspapers, magazines, etc.** | $  15.00 |
| **Charitable contributions** | $ 120.00 |
| **Insurance (not deducted from wages or included in home mortgage payment)** | |
| **Homeowner's or renter's** | $ 100.00 |
| **Life** | $  54.00 |
| **Health** | $  50.06 |
| **Auto** | $ 247.00 |
| **Other (specify):** None. | $   0.00 |
| **Taxes (not deducted from wages or included in home mortgage payments) (Specify)** None. | $   0.00 |
| **Installment payments** | |
| **Auto** | $   0.00 |
| **Other:** None. | $   0.00 |
| **Alimony, maintenance and support paid to others** | $   0.00 |
| **Payments for support of additional dependents not living at your home** | $   0.00 |
| **Regular expenses from operation of business, profession or farm.** (attach detailed statement) | $   0.00 |
| **Other: Lease Payment** | $ 647.00 |

**TOTAL MONTHLY EXPENSES** (Report also on Summary of Schedules)        $2,997.06

**(FOR CHAPTER 12 AND 13 DEBTORS ONLY)** Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | |
|---|---:|
| **A.  Total projected monthly income** | **$2,312.70** |
| **B.  Total projected monthly expenses** | **$2,997.06** |
| **C.  Excess income (A minus B)** | **($ 684.36)** |
| **D.  Total amount to be paid into plan each   (interval).** | |

In re    Crystal Ficklin,                                                    Case No.

Debtor(s).                                              Chapter 7

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 16 sheet(s), and that they are true and correct to the best of my knowledge, information and belief.

Date: 10/13/05                          Signature _____
                                                            Crystal Ficklin, Debtor

Date: _____          Signature _____
                                                            , Joint Debtor
                                                            (If joint case, both spouses must sign)

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the [the president or other officer or an authorized agent of the partnership] of the entity named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 1 sheet(s), and that they are true and correct to the best of my knowledge, information and belief.

Date: _____          by
                                        Signature _____

_____
        [An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

### CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER
(See 11 U.S.C. 4.6 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. Sec. 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

Anthony R. Williams
_____
**Printed or typed name of Bankruptcy Petition Preparer**

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
_____
**Social Security No. (Required by 11 U.S.C. Sec. 110(c).)**

14921 Lake Ave., Lakewood, O 44107
_____
**Address**

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

Anthony R. Williams                    10-13-05
_____
**Signature of Bankruptcy Petition Preparer**          **Date**

*A bankruptcy petition preparer's failure to comply with the provisions of Title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. Sec. 110 and 18 U.S.C. Sec. 156.*

_____

*Penalty for making a false statement or concealing property.*
*Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. Secs. 152 and 3571.*

**UNITED STATES BANKRUPTCY COURT**
**NORTHEN DISTRICT OF OHIO**

# 05-93075

In re

      Crystal Ficklin,

                                           Case No.

                                  Debtor(s).

      **Address**
      **7920 Spafford Rd**
      **Cleveland, OH 44105**

                                           **Chapter 7**

      **Last four digits of Social Security No(s).**
      **9382**
      **Employer's Tax Identification Nos. [if any]**
      **None.**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1. I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2. I intend to do the following with respect to the property of the estate which secures those consumer debts:

    **a.** *Property to be surrendered.*

| Description of Property | Creditor's name |
| --- | --- |
| 10406 Kempton Ave., Cleve Ohio 44108 | Washington Mutual |
| 2995 E. 125th St., Clevelan Ohio 44112 | Chase Bank |
| 1371 E. 133rd, East Cleve Ohio 44112 | EMC Mortgage |
| 16616 Endora, Cleveland Oh | AMC Mortgage |
| 527 E. 124 St, Cleveland, Ohio 44108 | HomeEq Services |
| 3761 E. 147th St., Cleve Ohio 44128 | Chase Banke |
| 777 Linn Drive. Cleveland,Ohio 44108 | Chase Bank |
| 2004 Mazda | Mazda American Credit |

In re    Crystal Ficklin,



Case No.

Debtor(s).                    Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION
### (continuation sheet)

### b. *Property to be retained*                    *(Check any applicable statement.)*

| Description of Property | Creditor's name | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. Sec. 722 | Debt will be reaffirmed pursuant to 11 U.S.C. Sec. 524(c) |
|---|---|---|---|---|
| 2005 Cadillac CTS | GMAC | | | . |

In re    Crystal Ficklin,                                      Case No.

                                    Debtor(s).              Chapter 7

          CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION
                         (continuation sheet)

Date:    10/13/05                    _____
                                     Crystal Ficklin,
                                     Signature of Debtor

Date:    _____      _____

---

**CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER**
**(See 11 U.S.C. Sec. 110)**

  I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. Sec. 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

Anthony R Williams                              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
**Printed or typed name of Bankruptcy Petition Preparer**      **Social Security No.**
                                                              **(Required by 11 U.S.C. Sec. 110(c).)**

1492 Lake Ave, Lakewood, O 44107
**Address**

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

Anthony R Williams                              10-13-05
**Signature of Bankruptcy Petition Preparer**            **Date**

*A bankruptcy petition preparer's failure to comply with the provisions of Title 11 and the Federal Rules of*
*Bankruptcy Procedure may result in fines or imprisonment or both.*
*11 U.S.C. Sec. 110 and 18 U.S.C. Sec. 156.*

# UNITED STATES BANKRUPTCY COURT
## NORTHEN DISTRICT OF OHIO

In re    Crystal Ficklin,

Case No.

Debtor(s).

Chapter **05-93075**

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25.  If the answer to any question is "None," or the question is not applicable, mark the box labeled "None."  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

"In Business."  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following:  an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider."  The term "insider" includes but is not limited to:  relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor.  11 U.S.C. Sec. 101.

### 1.  Income from employment or operation of business

None

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the two years immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.).

| AMOUNT | SOURCE (if more than one) |
|---|---|
| $35,127.80 year to date | employment |
| $35,000.00 - 2004 | employment |
| $28,000.00 - 2003 | employment |

### 2.  Income other than from employment or operation of business

None ☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| n/a | |

STATEMENT OF FINANCIAL AFFAIRS  1 - 13

In re    Crystal  Ficklin,                              Case No.

                    Debtor(s).                          Chapter 7

# STATEMENT OF FINANCIAL AFFAIRS
(Continuation Sheet)

## 3.  Payments to creditors

None  ☑    3.a.  List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| n/a | | | |

None  ☑    3.b.  List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| n/a | | | |

## 4.  Suits and administrative proceedings, executions, garnishments and attachments

None    4.a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the commencement of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Wells Fargo Bank NA as Trustee vs Ficklin CV 05-572546 | Foreclosure | Cuyahoga County Common Pleas Justice Center, Cleveland, ohio | Active |

None  ☑    4.b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| n/a | | |

**STATEMENT OF FINANCIAL AFFAIRS  2 - 13**

In re    Crystal  Ficklin,                                    Case No.

                        Debtor(s).                         Chapter 7

# STATEMENT OF FINANCIAL AFFAIRS
(Continuation Sheet)

## 5.  Repossessions, foreclosures and returns

None

☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| n/a | | |

## 6.  Assignments and receiverships

None

☑

6.a.  Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|
| n/a | | |

None

☑

6.b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT, CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| n/a | | | |

## 7.  Gifts

None

☑

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| n/a | | | |

**STATEMENT OF FINANCIAL AFFAIRS  3 - 13**

In re    Crystal Ficklin,                          Case No.

                    Debtor(s).                    Chapter 7

# STATEMENT OF FINANCIAL AFFAIRS
(Continuation Sheet)

## 8. Losses

None    List all losses from fire, theft, other casualty or gambling within <u>one year</u> immediately preceding the commencement of this case <u>or since the</u>
☑       <u>commencement of this case</u>.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint
        petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| n/a | | |

## 9. Payments related to debt counseling or bankruptcy

None    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt
        consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy with <u>one year</u> immediately preceding the commencement of this
        case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Anthony R. Williams<br>14921 Lake Ave., Apt1,<br>Lakewood, Ohio 44107 | 10/11/05 | $150.00 |
| Fine Gottherer $ Assoc` | ☐ | |

## 10. Other transfers

None    List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or
        as security within <u>one year</u> immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include
        transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| Charles Ficklin<br>7920 Spafford Rd., Cleveland Ohio 44105<br>Brother | 10/05 | house - 7920 Spafford Rd.,<br>Cleve ohio 44105<br>$72,000.00 |

## 11. Closed financial accounts

STATEMENT OF FINANCIAL AFFAIRS  4 - 13

In re    Crystal Ficklin,                                    Case No.

                    Debtor(s).                    Chapter 7

# STATEMENT OF FINANCIAL AFFAIRS
### (Continuation Sheet)

**None**    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred
☑    within one year immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or
     other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial
     institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both
     spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |
| n/a | | |

**STATEMENT OF FINANCIAL AFFAIRS  5 - 13**

In re     Crystal Ficklin,                                    Case No.

                                    Debtor(s).                    Chapter 7

# STATEMENT OF FINANCIAL AFFAIRS
### (Continuation Sheet)

## 12.  Safe deposit boxes

None   List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within <u>one year</u> immediately preceding
☑      the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses
       whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|
| n/a | | | |

## 13.  Setoffs

None   List all setoffs made by any creditor, including a bank, against a debt of the debtor within <u>90 days</u> preceding the commencement of this case.  (Married
☑      debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the
       spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|
| n/a | | |

## 14.  Property held for another person

None   List all property owned by another person that the debtor holds or controls.
☑

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| n/a | | |

## 15.  Prior address of debtor

None   If the debtor has moved within the <u>two years</u> immediately preceding the commencement of this case, list all premises which the debtor occupied during that
☑      period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| n/a | | |

## 16.  Spouses and Former Spouses

None   If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada,
☑      New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six- year period immediately preceding the commencement of the case, identify the
       name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

| NAME |
|---|
| n/a |

**STATEMENT OF FINANCIAL AFFAIRS  6 - 13**

In re    Crystal Ficklin,                                    Case No.

                    Debtor(s).              Chapter 7

## STATEMENT OF FINANCIAL AFFAIRS
### (Continuation Sheet)

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

**None** ☑   17.a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
| | | | |

**None** ☑   17.b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
| | | | |

**None** ☑   17.c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|
| | | |

**STATEMENT OF FINANCIAL AFFAIRS 7 - 13**

In re    Crystal  Ficklin,                                    Case No.

                              Debtor(s).                      Chapter 7

# STATEMENT OF FINANCIAL AFFAIRS
(Continuation Sheet)

## 18.  Nature, location and name of business

None
☑

18a.
   If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding commencement of this case.

   If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

   If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

| NAME | TAXPAYER ID NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES OF OPERATION |
|------|--------------------|---------|--------------------|------------------------------------------|

n/a

None
☑

18.b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|---------|

**STATEMENT OF FINANCIAL AFFAIRS  8 - 13**

In re   Crystal Ficklin,                                    Case No.

                    Debtor(s).                    Chapter 7

# STATEMENT OF FINANCIAL AFFAIRS
(Continuation Sheet)

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business. as defined above. within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19.  Books, records and financial statements

None
☑

19.a.  List all bookkeepers and accountants who, within the two years immediately preceding the commencement of this bankruptcy case, kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| n/a | |

None
☑

19.b.  List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATE SERVICES RENDERED |
|---|---|---|
| n/a | | |

None
☑

19.c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| n/a | |

None
☑

19.d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| n/a | |

**STATEMENT OF FINANCIAL AFFAIRS  9 - 13**

In re    **Crystal Ficklin,**                          **Case No.**

                              **Debtor(s).**            **Chapter 7**

# STATEMENT OF FINANCIAL AFFAIRS
(Continuation Sheet)

## 20. Inventories

None  ☑  20.a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY | SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market, or other basis) |
|---|---|---|---|
| n/a | | | |

None  ☑  20.b.  List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|
| n/a | |

## 21. Current Partners, Officers, Directors and Shareholders

None  ☑  21.a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|
| n/a | | |

None  ☑  21.b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| n/a | | |

**STATEMENT OF FINANCIAL AFFAIRS  10 - 13**

## STATEMENT OF FINANCIAL AFFAIRS
(Continuation Sheet)

### 22. Former partners, officers, directors and shareholders

None ☑    22.a. If the debtor is a partnership, list each member who withdrew from the partnership within <u>one year</u> immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|
| n/a  |         |                    |

None ☑    22.b. If the debtor is a corporation, list all officers, or directors whose relationships with the corporation terminated within <u>one year</u> immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|---------------------|
| n/a              |       |                     |

### 23. Withdrawals from a partnership or distribution by a corporation

None ☑    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during <u>one year</u> immediately preceding the commencement of this case.

| NAME AND ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|--------------------------------------------------------|--------------------------------|------------------------------------------------------|
| n/a                                                    |                                |                                                      |

### 24. Tax Consolidation Group

None ☑    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER |
|----------------------------|--------------------------------|
| n/a                        |                                |

### 25. Pension Funds

None ☑    If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER |
|----------------------|--------------------------------|
|                      |                                |

**STATEMENT OF FINANCIAL AFFAIRS  11 - 13**

In re   **Crystal Ficklin,**                              **Case No.**

                                   **Debtor(s).**              **Chapter 7**

## STATEMENT OF FINANCIAL AFFAIRS
### (Continuation Sheet)

NAME OF PENSION FUND                    TAXPAYER IDENTIFICATION NUMBER

n/a

\*   \*   \*   \*   \*

**STATEMENT OF FINANCIAL AFFAIRS** 12 - 13

05-93075-rb   Doc 1   FILED 10/14/05   ENTERED 10/18/05 12:53:16   Page 35 of 37

In re   **Crystal Ficklin,**                              Case No.

                    **Debtor(s).**                  Chapter 7

# STATEMENT OF FINANCIAL AFFAIRS
(Continuation Sheet)

*[If completed an individual or individual and spouse]*
I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information, and belief.

Date  10/13/05 _____        _____
                                        Crystal Ficklin
                                        **Signature of Debtor**

Date_____          _____

_____       **Signature of Joint Debtor** (if any) _____

*[If completed on behalf of a partnership or corporation]*
I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information, and belief.

Date_____    by    _____
                                        **Signature**

_____ *[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]* _____

## CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER
(See 11 U.S.C. Sec. 110)
I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. Sec. 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

Anthony R. Williams                    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
Printed or typed name of Bankruptcy Petition Preparer   Social Security No. (Required by 11 U.S.C. Sec. 110(c).)

14921 Lake Ave., Lakewood, O 44107
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

Anthony R. Williams               10-13-05
Signature of Bankruptcy Petition Preparer       Date

*A bankruptcy petition preparer's failure to comply with the provisions of Title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. Sec. 110 and 18 U.S.C. Sec. 156.*
Penalty for making a false statement:
*Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.*

**STATEMENT OF FINANCIAL AFFAIRS  13 - 13**

# UNITED STATES BANKRUPTCY COURT
## NORTHEN DISTRICT OF OHIO
### _____ DIVISION

CASE NO.: **05-93075**

In the Matter of:                              )
                                               )
    Crystal  Ficklin                         )
                                               )    Chapter  7
                                               )
                                               )
                Debtor(s).  )

## VERIFICATION OF CREDITOR MATRIX

      The above named debtor(s) hereby verify under penalty of perjury that the attached matrix listing of creditors is true, correct and accurate to the best of the knowledge and belief of the debtor(s).

Dated: ___10/13/05_____

_____
Crystal  Ficklin, Signature of Debtor

_____
, (Signature of Joint Debtor, if any)